

LNE 5.30.25
JGO: USAO# 2025R00098

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CRIMINAL NO. ABA 25cr168 |
| v. | |
| **WAYNE JONES,** <br> a/k/a "ISMAIL KHALIFA," <br> a/k/a "ISH," | (Possession of Firearms and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)) |
| Defendant. | |

### INDICTMENT

### COUNT ONE
(Possession of Firearms and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about February 5, 2025, in the District of Maryland, the Defendant,

**WAYNE JONES,**
a/k/a "ISMAIL KHALIFA,"
a/k/a "ISH,"

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, to wit: approximately 15 3-D printed lower receivers with no serial numbers; approximately 570 rounds of .40 caliber ammunition; approximately 550 rounds of .22 caliber ammunition; approximately 120 rounds of .45 caliber ammunition; and approximately 7 rounds of .380 caliber ammunition, and the firearms and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT TWO
**(Possession of Firearms and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland further charges that:

On or about May 1, 2025, in the District of Maryland, the Defendant,

**WAYNE JONES,**
a/k/a "ISMAIL KHALIFA,"
a/k/a "ISH,"

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition: to wit, a white 3-D printed privately manufactured revolver with no serial number; a 3-D printed privately manufactured pistol frame with no serial number; a 3-D printed privately manufactured pistol with no serial number; a white and black 3-D printed rifle with no serial number; and approximately 196 rounds of assorted ammunition of various calibers, and the firearms and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT THREE
### (Unlawful Possession of a Machinegun)

The Grand Jury for the District of Maryland further charges that:

On or about May 1, 2025, in the District of Maryland, the Defendant,

**WAYNE JONES,**
a/k/a "ISMAIL KHALIFA,"
a/k/a "ISH,"

did knowingly possess a machinegun, as that term is defined in 26 U.S.C. § 5845(b), that is, two 3-D printed machinegun conversion devices, designed and intended to shoot automatically more than one shot, without manually reloading, by a single function of the trigger, in violation of Title 18, United States Code, Section 922(o) and 924(a)(2).

18 U.S.C. § 922(o)
21 U.S.C. § 5845(a)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One through Three of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of any of the offenses alleged in Counts One through Three of this Indictment, the Defendant,

**WAYNE JONES,**
a/k/a "ISMAIL KHALIFA,"
a/k/a "ISH,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offenses, including but not limited to:

   a. approximately fifteen (15) 3-D printed lower receivers seized from 4103 8th Street, Baltimore, Maryland;

   b. approximately five hundred and seventy (570) rounds of .40 caliber ammunition seized from 4103 8th Street, Baltimore, Maryland;

   c. approximately five hundred and fifty (550) rounds of .22 caliber ammunition seized from 4103 8th Street, Baltimore, Maryland;

   d. approximately one hundred and twenty (120) rounds of .45 caliber ammunition seized from 4103 8th Street, Baltimore, Maryland;

   e. approximately seven (7) rounds of .380 caliber ammunition seized from 4103 8th Street, Baltimore, Maryland;

   f. approximately nine (9) 3-D printed firearm magazines seized from 4103 8th Street, Baltimore, Maryland;

   g. two additional firearm magazines seized from 4103 8th Street, Baltimore, Maryland;

    h.  approximately fourteen (14) rolls of 3-D printing filament seized from 4103 8th Street, Baltimore, Maryland;

    i.  miscellaneous firearm parts seized from 4103 8th Street, Baltimore, Maryland;

    j.  an AnkerMake 3-D printer seized from 4103 8th Street, Baltimore, Maryland;

    k.  a white 3-D printed revolver seized from 917 Stoll Street, Baltimore, Maryland;

    l.  a 3-D printed pistol frame seized from 917 Stoll Street, Baltimore, Maryland;

    m.  a 3-D printed pistol seized from 917 Stoll Street, Baltimore, Maryland;

    n.  a white and black 3-D printed rifle seized from 917 Stoll Street, Baltimore, Maryland;

    o.  assorted ammunition of various calibers seized from 917 Stoll Street, Baltimore, Maryland;

    p.  two machinegun conversion devices seized from 917 Stoll Street, Baltimore, Maryland;

    q.  six boxes of assorted colored 3-D printing filament seized from 917 Stoll Street, Baltimore, Maryland;

    r.  an Aenbuslm laser engraver seized from 917 Stoll Street, Baltimore, Maryland;

    s.  a Crealty model K1C 3-D printer with power cord and two spools of filament seized from 917 Stoll Street, Baltimore, Maryland; and

    t.  an AnkerMake 3-D printer with one spool of black filament seized from 917 Stoll Street, Baltimore, Maryland.

### **Substitute Assets**

3.  If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Kelly O. Hayes /JGo*
Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

6/4/25
Date